ORIGINAL

U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## STATESBORO DIVISION

| | |
|---|---|
| WILLIE E. COLLINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | Case No. CV605-107 |
| ) | |
| LINDA SANDERS, Warden, ) | |
| FCI FORREST CITY, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Before the Court is Willie E. Collins' application for habeas relief brought pursuant to 28 U.S.C. § 2241, a petition originally filed in the Eastern District of Arkansas. Doc. 1. That Court construed the petition as "in substance" an action brought pursuant to 28 U.S.C. § 2255 and transferred the case to this district. Docs. 16, 20. For the following reasons, the Court recommends that the § 2255 motion be DENIED.

## I. Background

On December 25, 1991, Collins was arrested on a federal parole violator warrant arising from an earlier drug conviction in this district.

United States v. Wilson, et al., CR485-004 (filed Jan. 16, 1985).[1] The United States Parole Commission postponed consideration of the revocation issue at that time pending resolution of Collins' motion for appointment of counsel. Doc. 16. During the pendency of the parole revocation matter, Collins was indicted on several counts of new criminal conduct in the Southern District of Georgia, and he ultimately entered into a plea agreement whereby he pled guilty to engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848. United States v. Toole, et al., CR692-010 (filed May 27, 1992).

Under the terms of the plea agreement, the government agreed to "recommend that the sentencing court impose a concurrent sentence as to any parole revocation and that [Collins] be given credit for time served since December 25, 1991 on any sentence hereafter imposed by the court." Doc. 22, Ex. A at 3. On March 5, 1993, the Hon. Dudley H. Bowen, Jr. sentenced Collins to 144 months' imprisonment followed by a five-year term of supervised release. Doc. 22, Ex. B.

On August 25, 1993, the United States Parole Commission entered a

---

[1] In that case, the Hon. Anthony A. Alaimo sentenced petitioner to five years' incarceration followed by three years of parole. Doc. 16.

"Notice of Action" which revoked Collins' parole and provided that none of the time spent on parole would be credited. Docs. 1, 16. The Bureau of Prisons later informed Collins that his 144-month sentence and his parole revocation sentence were consecutive, rather than concurrent. Docs. 1, 16. Collins is currently incarcerated at FCI Forrest City, located in the Eastern District of Arkansas. Id.

Collins filed the instant application pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Arkansas on October 25, 2004. Doc. 1. Collins asserts that the terms of his plea agreement dictate that the sentence imposed by this Court and his parole revocation sentence should run concurrently rather than consecutively. Id. Calculating his sentences concurrently, Collins claims that he has served his entire sentence and requests immediate release. Id.

A magistrate judge in the Eastern District of Arkansas entered proposed findings and a recommendation which concluded that "[b]ecause petitioner is challenging the validity of his sentence, rather than its execution . . . the U.S. District Court for the Southern District of Georgia, as the sentencing court, is the appropriate venue for what is in substance

a § 2255 action." Doc. 16 (emphasis added). The district judge adopted the magistrate's findings "in their entirety" and transferred the case to this Court on October 5, 2005. Doc. 20.

Following the transfer, the government filed its response to Collins' application for habeas relief on November 21, 2005. Doc. 22. Relying on the determination in the transfer order that this action is a § 2255 motion, the government contends that petitioner's motion is time-barred. Id. Alternatively, the government argues that if the case arises under § 2241 as Collins claims, it defers to the Court's discretion to determine whether Collins' sentences should run concurrently or consecutively. Id. The government notes, however, that the plea agreement merely recited what the government would recommend at sentencing and that the agreement itself was not binding on the court. Id.

Collins filed a reply to this response in which he asserts the petition is properly brought under § 2241 since it challenges the execution of his sentences, rather than the validity of the sentences. Doc. 23. Further, petitioner argues that since the order accepting the plea agreement stated that the agreement was "hereby ratified and confirmed," the Court

indicated its acceptance of the terms of the agreement, including the provisions relating to the government's recommendations for concurrent sentencing. Id.

## II. Analysis

Collins repeatedly asserts that his application is not brought under 28 U.S.C. § 2255, but rather under 28 U.S.C. § 2241. Docs. 1, 15, 18, 23. Collins claims that as he is challenging the execution of the sentences rather than their validity, his claim is properly brought under § 2241. Doc. 23. The Eastern District of Arkansas determined that the petition was in substance a § 2255 action, however, and transferred the case to this Court on that basis. Doc. 16. It is appropriate to recharacterize the petition as one brought under § 2255 since, at its core, Collins' petition challenges the lawfulness of the sentence imposed by this Court, a claim properly made under § 2255. Collins argues that his plea agreement required the district judge to impose a sentence concurrent to any future parole revocation sentence, and since the Court did not impose such a sentence, Collins now asks the Court to correct his sentence. See 28 U.S.C. § 2255 (federal prisoner "may move the court which imposed the sentence to vacate, set

aside, or correct the sentence"). Construed as a § 2255 action, however, Collins' petition is clearly time-barred.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended § 2255 to require a defendant to file a § 2255 motion within one year of the date defendant's conviction becomes final. 28 U.S.C. § 2255 ¶ 6. In the instant case, Collins pled guilty to the continuing criminal enterprise charge in 1992 and the Court sentenced him in 1993, three years prior to the enactment of this limitations period. The Eleventh Circuit has held that to apply the one-year limitations period to federal prisoners whose convictions became final prior to the effective date of AEDPA is unfair. Goodman v. United States, 151 F.3d 1335, 1337 (11th Cir. 1998) (per curiam). Accordingly, such prisoners had until April 23, 1997, one year after the enactment of AEDPA, to file a § 2255 motion. Id. (one year following enactment of AEDPA is reasonable time for prisoner to file § 2255 motion where conviction became final prior to passage of AEDPA). When Collins filed his application in the Eastern District of Arkansas on October 25, 2004, eight and one-half years had elapsed since the enactment of AEDPA. Thus, Collins' instant action, properly classified as one brought

pursuant to § 2255, is untimely and must be DISMISSED.

If Collins were correct that his claims are cognizable under 28 U.S.C. § 2241, this Court would not have jurisdiction to consider the merits of his claims since he is not incarcerated in this district. "Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated." Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991); See 28 U.S.C. § 2241(a) (district courts limited to granting habeas relief "within their respective jurisdictions"); Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004) ("The plain language of the [28 U.S.C. § 2241] habeas statute . . . confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); United States v. Plain, 748 F.2d 620, 621 n.3 (11th Cir. 1984) (district court of district other than one in which petitioner was incarcerated does not have jurisdiction to review habeas corpus petition brought by prisoner). Therefore, if Collins seeks to raise any of his claims under § 2241, he must do so in the district where he is incarcerated — the Eastern District of Arkansas.[2]

---

[2]Collins asserts that § 2241(d) permits the Eastern District of Arkansas to transfer the case to this Court for resolution of his § 2241 claims. Docs. 15, 23. Collins'

Collins has also filed a motion for a hearing and a motion to expedite his habeas petition or alternatively to allow him reasonable bail. Docs. 25, 26. As the Court has recommended dismissal of the instant action, these motions are moot and are DENIED.

**SO REPORTED AND RECOMMENDED** this 21st day of **March, 2006.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

reliance on this provision is unfounded since that provision only applies to applications for habeas corpus made "by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts." 28 U.S.C. § 2241(d). By its plain language, this statute is inapplicable to Collins, who is serving a federal sentence.

    Ordinarily, a collateral attack upon a federal sentence must be brought pursuant to 28 U.S.C. 2255 in the federal district court that imposed the sentence. An exception to this general rule allows a prisoner to file a § 2241 petition in the district of his incarceration if he can show that the remedy provided for under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. This Court expresses no opinion as to whether petitioner can meet this standard.