# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| WILLIE E. COLLINS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>LINDA SANDERS, Warden, )<br>FCI FORREST CITY, )<br>)<br>Respondent. ) | Case No. CV605-107 |

## REPORT AND RECOMMENDATION

Petitioner has filed a motion for a reconsideration of the Court's March 21, 2006 Report and Recommendation which recommended dismissal of his application for habeas relief. Doc. 29. Collins originally filed his petition pursuant to 28 U.S.C. § 2241 in the Eastern District of Arkansas, which construed the petition as an action brought pursuant to 28 U.S.C. § 2255 and transferred the case to this district. Docs. 16, 20. This Court likewise construed Collins' petition under § 2255 and recommended dismissal of the petition as untimely. Doc. 27. For the following reasons, Collins' motion for reconsideration should be DENIED.

Collins challenges his federal sentence, which this Court imposed on March 5, 1993 after he pled guilty to engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848. Doc. 22, Ex. B. As part of his plea agreement, the government agreed to "recommend that the sentencing court impose a concurrent sentence as to any parole revocation and that [Collins] be given credit for time served since December 25, 1991 on any sentence hereafter imposed by the court." Doc. 22, Ex. A at 3. The Court sentenced Collins to 144-months' imprisonment followed by a five-year term of supervised release. Doc. 22, Ex. B. The Bureau of Prisons later informed Collins that this 144-month sentence was consecutive to his parole revocation sentence. Docs. 1, 16. Collins asserts that the Court was required to follow the government's recommendation at sentencing and that his sentences should run concurrently, rather than consecutively. Id.

Collins now insists in his motion for reconsideration that his petition is properly considered under § 2241 because he is challenging the validity of the sentence as calculated by the Bureau of Prisons, rather than the sentence of the Court. Doc. 29. Although Collins has rephrased his claim, the essence of the claim remains the same. Collins contends that the

district court erred by failing to sentence him to concurrent sentences as the government recommended and that the Court should now modify his sentence so that his term of imprisonment will run concurrently with his parole revocation sentence. Thus, Collins is attacking the sentence imposed by the Court on March 5, 1993 and asks the Court to correct that sentence. See 28 U.S.C. § 2255 (federal prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence.")  The Court remains satisfied that Collins' petition is properly considered under 28 U.S.C. § 2255 and, as such, is clearly time-barred for the reasons set forth in the Court's Report and Recommendation. See Doc. 27.

The Court previously noted that if Collins were correct that his claims were cognizable under 28 U.S.C. § 2241, then this Court did not have jurisdiction to consider the claims since Collins was not incarcerated in this district.[1] See Doc. 27. Collins states that he was transferred to this district during the pendency of this action and now invites the Court to "reassess

---

[1] The Court did not find, however, that Collins' claims were properly considered under § 2241. In fact, the Court noted that a collateral attack upon a federal sentence must usually be brought pursuant to § 2255 unless a prisoner can show that the remedy provided by that section is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. The Court expressly declined to comment on whether Collins met that standard. Doc. 27.

3

the jurisdiction of the Court to hear the claims under Section 2241."[2] Doc. 29. The Court need not consider its jurisdiction to hear Collins' claims under § 2241, however, since the Court finds the instant action is properly classified as a § 2255 action. This Court, as the sentencing court, is the proper forum for an action brought pursuant to § 2255.

Collins finally attempts to rely on a previous motion to amend his sentence filed in this Court on September 20, 1994 to support his contention that his claims are properly brought under § 2241. See CR692-010, doc. 692. In that motion, Collins sought to receive credit for time he had served on a special parole warrant prior to the commencement of his 144-month sentence. Id. The Court denied Collins' motion on the grounds that he had not exhausted his administrative remedies as required by 18 U.S.C. § 3585 and former 18 U.S.C. § 3568, the provisions that governed the method for determining credit for prior custody. CR692-010, doc. 703.

---

[2] Despite his assertion that he is incarcerated in this district, Collins fails to specify in which facility he is currently incarcerated. Collins also states that the warden for the facility of his present confinement should be substituted for defendant Linda Sanders, yet he fails to identify either the facility in which he is incarcerated or the warden of that facility. The address on file with the Court indicates that Collins is incarcerated in a facility in Navarre, Florida, rather than a facility in this district. Collins' attorney is reminded that Local Rule 11.1 imposes a continuing obligation on counsel to inform the Court of any address changes.

Collins asserts that the Court considered his motion under § 2241 since it instructed him to exhaust his administrative remedies before bringing the motion. Doc. 29. Collins' assertion is incorrect, however, as the Court denied his motion based on former § 3568, the legislative history of § 3585, and Eleventh Circuit precedent, rather than the exhaustion requirements of § 2241. CR692-010, doc. 703. Collins himself acknowledges that the previous sentence credit issue and the instant action "present two separate claims." Doc. 29. Accordingly, that Order has no bearing on Collins' current petition, which is properly classified under 28 U.S.C. § 2255.

Based on the foregoing, Collins' motion for reconsideration of the Report and Recommendation should be DENIED.

It has come to the Court's attention that J. Charles Wilson, attorney for petitioner, is not a member of this Court's bar. A review of the docket indicates that a form for admission *pro hac vice* was mailed to Mr. Wilson on October 7, 2005 following the transfer of the case to this district. Mr. Wilson never returned these forms but has filed multiple pleadings on his client's behalf. Local Rule 83.5(c) provides that "any person who is not admitted to the bar of this Court . . . and who exercises in this Court any of

the privileges as a member of its bar . . . shall be in contempt of this Court and subjected to appropriate sanctions." Accordingly, the Court will not accept any further pleadings from Mr. Wilson until he complies with the Local Rules of this Court and acquires permission to practice before this Court.

**SO REPORTED AND RECOMMENDED** this 28TH day of **June, 2006.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA